**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Chapter 11** |
| **MIRACARE NEURO BEHAVIORAL** | ) | |
| **HEALTH, P.C. dba Palos Behavioral** | ) | |
| **Health Professionals and dba Mira Care** | ) | **Case No. 24-13266** |
| **Outpatient Behavioral Health** | ) | |
| **Professionals,** | ) | |
| | ) | **Hon. Donald R. Cassling** |
| Debtor. | ) | |

**MOTION FOR ENTRY OF INTERIM ORDER (I) AUTHORIZING THE DEBTOR
TO USE CASH COLLATERAL AND (II) GRANTING ADEQUATE PROTECTION, AND
(III) SCHEDULING A FINAL HEARING**

Miracare Neuro Behavioral Health, P.C., as debtor and debtor-in-possession (the

"Debtor" or "Miracare") in the above-captioned Chapter 11 case, hereby moves the Court

for entry of an order pursuant to Sections 105, 361, 362, and 363 of title 11 of the United

States Code (the "Bankruptcy Code") for entry of Interim Order (i) authorizing the Debtor

to use "cash collateral" as that term is defined in the Bankruptcy Code, wherein The First

National Bank of Ottawa ( "Bank") may have an interest in the Debtor's assets.  In this

case of the Bank, by virtue of a Security Agreement and UCC-1 filed on April 15, 2021

with the Illinois Secretary of State, a copy of which is attached as Exhibit "A"; and (ii)

granting adequate protection to the Debtor's alleged pre-petition secured creditors. In

support of this Motion, the Debtor states as follows:

1

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein are sections 105, 361, 362 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002, 4001, 6003 and 9014 and Rules 4001-2 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3.      On September 9, 2024, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Sub-chapter V of Chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As set forth in the Declaration of Christoper Higgins, President of the Debtor, and in Support of the First Day Pleadings (the "Higgins" Declaration"), the Debtor has operated out-patient mental health care facilities since 2001.

4.      Higgins supervises the day-to-day operations of the Debtor three (3) outpatient mental health care facilities which primarily serve the south suburban Chicagoland area. The facilities are in the following locations:  11800 S. 75th Ave., 3rd Floor, Palos Heights, IL 60463; 9990 W 190th Street Ste C, Mokena, IL. 60448 and 15419 E. 127th Street, Ste. 300, Lemont, IL 60439.

2

5.     Traditionally, Miracare, generates around 4.5 million dollars in gross revenues per year.  The Debtor employees around 40 employees and/or independent contractors, many of which are licensed health care professionals.  In addition, the Debtor employs support staff to assist in providing its professional services.

<u>BASIS FOR RELIEF REQUESTED</u>

6.      The Debtor requires immediate access to the Cash Collateral to permit, among other things, the orderly continuation of the operation of its business, to maintain business relationships with its patients as well as its vendors, suppliers, and landlords, to make payroll, to pay the costs of administration of its estate, and to satisfy other working capital and operational needs.

7.     The Debtor does not have sufficient available sources of cash to carry on the operation of its business without the use of the Cash Collateral.  The Debtor's ability to maintain business relationships with its patients, vendors, suppliers, and to pay its employees, and otherwise finance its operations is essential to the Debtor's continued viability and prospects for reorganization.  Without continued and uninterrupted access to the Cash Collateral, the Debtor will not be able to continue operations, and the Debtor, its estate, and its creditors will suffer serious and irreparable harm.

8.     The Debtor submits that the requests set forth herein are fair and reasonable and reflect the Debtor's prudent exercise of its business judgment consistent with its fiduciary duties.

9.     As adequate protection for, and to the extent of, any diminution in the value of the Bank's' interest in the Cash Collateral resulting from its usage, but only to the extent

the Bank's interests in the Cash Collateral constitute valid and perfected liens and security interests as of the Petition Date, the Bank shall receive the following:

    a.    <u>Replacement Liens</u>: The First National Bank of Ottawa shall be granted a replacement lien of the same priority and to the same extent and in the same collateral as the IRS had pre-petition.

    b.    <u>Budget</u>: The Debtor will operate within 10% of the attached proposed budget until use of cash collateral is approved on a permanent basis.

    c.    The date on which the Debtor's rights to use Cash Collateral cease;

        i.    Entry of a Court order directing the cessation of such payments;

        ii.    Conversion of this proceeding to one under Chapter 7 of the Bankruptcy Code; or

        iii.    Dismissal of this proceeding;

<u>EXPEDITED RELIEF</u>

10.    The Debtor requests that the preliminary hearing on the interim relief requested in this motion be heard on an expedited basis on or before August 29, 2024. The terms of the use of cash collateral on an interim basis are the same as a final basis. Approval on an interim basis in an expedited fashion is necessary to prevent immediate and irreparable harm.

11.    The Debtor further requests that a final hearing on the relief sought in this motion be scheduled within 30 days of entry of any interim order for the relief sought herein.

4

12.     The Debtor requests that any order granting the relief sought herein be effective immediately and that the stay imposed by Federal Rule of Bankruptcy Procedure 6004(g) be waived.

<u>REQUEST FOR RELIEF</u>

WHEREFORE, the Debtor respectfully requests that the Court (i) enter an interim order authorizing the Debtor to use the Cash Collateral on an interim basis on the terms set forth above, (ii) schedule a final hearing on this motion, (iii) after notice and an opportunity for a hearing, enter a final order authorizing the Debtor to use the Cash Collateral, and (iv) grant such additional relief as the Court deems just and proper.

Dated: September 9, 2024.

MIRACARE NEURO BEHAVIORAL HEALTH, PC.

By:   /s/ *David R. Herzog*
            One of Its Attorneys

David R. Herzog
Law Office of David R Herzog, LLC
Attorneys for Debtor
53 W Jackson Blvd., Suite 1442
Chicago, Illinois 60604
(312)977-1600
drh@dherzoglaw.com
ARDC #1203681

5